SANG NYUN PARK AND YOUNG MI PARK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Park v. Commissioner
Docket No. 14416-91
United States Tax Court
T.C. Memo 1992-398; 1992 Tax Ct. Memo LEXIS 420; 64 T.C.M. (CCH) 160; July 15, 1992, Filed *420 An order will be entered granting respondent's motion to dismiss for lack of jurisdiction for failure to timely file a petition. For Petitioners: Daniel W. Chung. For Respondent: John E. Becker, Jr. COLVIN
COLVIN
MEMORANDUM OPINION COLVIN, Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction because the petition in this proceeding was not filed within 90 days after the mailing of the notice of deficiency. All section references are to the Internal Revenue Code in effect for the years in issue. Background
Petitioners resided in Philadelphia, Pennsylvania, when the petition was filed. On March 25, 1987, petitioners executed Form 2848 for tax year 1985, providing a power of attorney in favor of Daniel W. Chung, and requesting that copies of notices and other written communications be sent to him. Petitioners provided the power of attorney because they do not read or write English. On October 24, 1990, respondent sent a notice of deficiency by certified mail to petitioners at their last known address at 2718 N. Front Street, Philadelphia, Pennsylvania 19133, and a duplicate original by certified mail to petitioners at 161 West *421 65th Street, Philadelphia, Pennsylvania 19120. Petitioners' West 65th Street address is the address used in their petition. A copy was not sent to Daniel W. Chung. The parties agree that a notice of deficiency was sent to petitioners at their last known address, with a duplicate original sent to petitioners at the West 65th Street address. Petitioners did not act on the deficiency notice, in part, because they did not understand what the notice was, and because they believed they had delegated all tax matters to their attorney. The petition in this case was filed by Daniel W. Chung on July 5, 1991, 254 days after the mailing of the notice of deficiency. Discussion
Petitioners argue that the notice should have been sent to their attorney. Petitioners also argue that respondent's failure to send an original notice of deficiency to their attorney invalidates the notice of deficiency or otherwise extends the time to file. We disagree. The Commissioner failure to send a copy of the notice of deficiency to the taxpayer's attorney pursuant to a request contained in a power of attorney does not extend the time in which the taxpayer must file a petition or invalidate the existence *422 of an otherwise proper notice. ; ; . Here, petitioners concede that the notice of deficiency was sent to them at their last known address. They do not contend that they did not receive the notice of deficiency. We have held deficiency notices to be valid where the Commissioner mailed the original to the taxpayers and mailed a copy to their attorneys pursuant to an executed Form 2848. . The Commissioner's failure to mail a copy of a deficiency notice to the taxpayers' attorney pursuant to a Form 2848 has no bearing on whether the original notice was properly mailed to the taxpayers. . Here, respondent properly mailed a valid deficiency notice to petitioners pursuant to section 6212(a) and (b). Section 6212(a) provides that the Commissioner is authorized to send a notice of deficiency to a taxpayer if a deficiency in income tax is determined. Section 6212(b)(1) *423 provides that mailing a notice of deficiency is sufficient if it is mailed to a taxpayer at his last known address, unless a fiduciary has been substituted for the taxpayer. Petitioners do not argue that a fiduciary has been substituted for them. Section 6213(a) provides that a taxpayer must file a petition in this Court within 90 days after the deficiency notice was mailed. Here, petitioners filed their petition 254 days after the deficiency notice was mailed. Accordingly, An order will be entered granting respondent's motion to dismiss for lack of jurisdiction for failure to timely file a petition.